NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**GABRIELLE E. JOHNSON-ARIZMENDI,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

―――――――――――

2021-1022

―――――――――――

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-1647, Judge William S. Greenberg.

―――――――――――

Decided: August 3, 2022

―――――――――――

GABRIELLE E. JOHNSON-ARIZMENDI, San Ysidro, CA, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, SR., TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

―――――――――――

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges.**

PER CURIAM.

Gabrielle E. Johnson-Arizmendi appeals a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' denial of her request for Dependency and Indemnity Compensation (DIC) Benefits. Because we lack jurisdiction to hear Ms. Johnson-Arizmendi's appeal, we *dismiss*.

## BACKGROUND

Ms. Johnson-Arizmendi's late husband, Edward Arizmendi, served on active duty from July 1964 to September 1966. S. Appx. 4. A private physician diagnosed Mr. Arizmendi with PTSD in May 1995, and the VA diagnosed him with anxiety and major depressive disorder in October 1995. S. Appx. 10. Whether Mr. Arizmendi's psychiatric conditions were service connected was never adjudicated during his lifetime. S. Appx. 4. In 1999, however, the Social Security Administration (SSA) posthumously granted his claim for disability benefits due to chronic major depression with PTSD. S. Appx. 29.

Mr. Arizmendi's cause of death was "assault with a cutting instrument." S. Appx. 4. Ms. Johnson-Arizmendi filed a claim for DIC benefits, arguing the assault was attributable to Mr. Arizmendi's PTSD. S. Appx. 29–30. The Regional Office (RO) denied her claim, and she appealed to the Board. S. Appx. at 30. Ms. Johnson-Arizmendi testified before the Board that her husband was murdered by a

---

\* Circuit Judge Hughes, originally assigned to this panel, did not participate in deciding this case. Circuit Judge Hughes was replaced by Circuit Judge Stoll pursuant to Federal Circuit Rule 47.11.

man who thought Mr. Arizmendi "was with" his wife. *Id.* She further testified that his murder was due to his PTSD. The Board affirmed the denial of her claim. Ms. Johnson-Arizmendi appealed. *Id.* The Veterans Court vacated and remanded, holding that the Board erred in not assisting Ms. Johnson-Arizmendi to obtain her husband's SSA records and not providing an adequate statement of reasons for rejecting Ms. Johnson-Arizmendi's testimony. S. Appx. 30–31. The Board then remanded to the RO for additional fact finding. S. Appx. 24–26.

The RO requested Mr. Arizmendi's records from the SSA, which informed the RO that no such records existed. S. Appx. 6. The RO notified the Board and indicated that the appeal should proceed. *Id.* The Board found that the RO used reasonable efforts to obtain the SSA records and therefore satisfied its duty to assist Ms. Johnson-Arizmendi. S. Appx. 6–7.

The Board also found that, even if Mr. Arizmendi had a service-connected psychiatric disability, there was no evidence it caused or materially contributed to his death. S. Appx. 16. By Ms. Johnson-Arizmendi's own account of her husband's demise, Mr. Arizmendi was escorting a distressed woman home when he encountered her husband, who evidently believed Mr. Arizmendi was "with" his wife and proceeded to kidnap and murder Mr. Arizmendi. S. Appx. 17. The Board found it unclear how Ms. Johnson-Arizmendi, who was not present for the alleged kidnapping and murder, had firsthand knowledge of her husband's death. The Board also explained that this account did not address how Mr. Arizmendi's alleged disability contributed to his death. Accordingly, it denied the claim.

Ms. Johnson-Arizmendi appealed to the Veterans Court, asserting the Board: (1) failed to obtain Mr. Arizmendi's SSA records and (2) improperly discounted her lay statements. The Veterans Court affirmed, explaining that further efforts to obtain the SSA records were not required

and that the Board thoroughly considered Ms. Johnson-Arizmendi's testimony and provided adequate reasoning for its denial of benefits. S. Appx. 2–3. Ms. Johnson-Arizmendi appeals.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

We lack jurisdiction over Ms. Johnson-Arizmendi's appeal. Ms. Johnson-Arizmendi concedes that her appeal does not involve the validity or interpretation of a statute or regulation. Appellant's Informal Br. at 1. Nor does it raise any constitutional issues. Instead, Ms. Johnson-Arizmendi essentially asks us to reweigh the evidence and find that her husband had a service-connected disability that caused or materially contributed to his death. *Id.* at 2. We lack jurisdiction to review the Board's contrary fact finding. We therefore *dismiss.*

## DISMISSED

### COSTS

No costs.